NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIAM MENDOZA,

Plaintiff - Appellant,

v.

FIRST UNUM LIFE INSURANCE
COMPANY,

Defendant - Appellee,

and

AMERICAN INTERNATIONAL GROUP,
INC, Long Term Disability Plan,

Defendant.

No. 25-3080

D.C. No.
3:24-cv-00834-H-VET

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted July 7, 2026
Pasadena, California

Before: RAWLINSON, SANCHEZ, and TUNG, Circuit Judges.

Plaintiff Siam Mendoza ("Plaintiff") brought an ERISA action against

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant First Unum Life Insurance Company ("Defendant") for improperly denying his claim for long-term disability ("LTD") benefits. In a judicial challenge to a denial of benefits under ERISA, "the claimant has the burden of proving by a preponderance of the evidence that he was disabled under the terms of the plan." *Armani v. Northwestern Mutual Life Ins. Co.*, 840 F.3d 1159, 1162–63 (9th Cir. 2016). The district court upheld Defendant's denial of benefits because it determined that Plaintiff had failed to meet his burden of proof. Plaintiff now appeals to this court. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's findings of fact and de novo its conclusions of law. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). We affirm the district court.

1. The administrative record supports the district court's determination that Plaintiff was not disabled under the terms of the plan. The record contains expert reports from Plaintiff's and Defendant's medical professionals regarding a variety of symptoms by which Plaintiff contends he was rendered disabled. After comparing the assessments from Plaintiff's and Defendant's set of experts, the district court found that Plaintiff had not met his burden to show he was disabled. That is enough to survive clear error review. *See United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc).

2. Plaintiff argues that the district court clearly erred by crediting

testimony from Defendant's medical professionals (who reviewed Plaintiff's medical records) over the testimony of Plaintiff's medical professionals (who examined Plaintiff in person). At the outset, courts are not obliged to accord special deference to examining physicians over non-examining physicians. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003). In any event, the district court cited opinions from some of Plaintiff's own experts that indicated that his "cognitive test performance was within normal limits." Accordingly, the district court's weighing of the parties' expert testimony survives clear error review because it is grounded in the administrative record. *See Working*, 224 F.3d at 1102.

3. Plaintiff argues that Defendant's prior payment of short-term disability ("STD") benefits compels the approval of LTD benefits by creating a legal presumption that Plaintiff is disabled. But no such presumption exists under our caselaw, and we have rejected similar propositions. *See, e.g.*, *Muniz v. Amec Const. Management, Inc.*, 623 F.3d 1290, 1296 (9th Cir. 2010). Instead, our caselaw treats prior payment of benefits merely as relevant evidence of disability. *See, e.g.*, *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 871 (9th Cir. 2008) ("[The insurer] had been paying [the plaintiff] long-term disability benefits for a year, which *suggests* that she was already disabled." (emphasis added)). The district court was not required to apply a legal presumption that Plaintiff was disabled on the basis of Defendant's prior payment of STD benefits.

25-3080

4. Plaintiff next contends that the district court clearly erred by upholding Defendant's denial of his claim on the basis of issues that Defendant had not previously raised during its administrative processes. *See Collier v. Lincoln Life Assurance Co.*, 53 F.4th 1180, 1188 (9th Cir. 2022) (a district court "clearly errs by adopting a newly presented rationale" when reviewing a denial of benefits under ERISA). Specifically, Plaintiff claims that the district court improperly credited two arguments that Defendant raised for the first time in court: that "Dr. Talei's cognitive function testing contains evidence that [Plaintiff] was malingering," and that the "witness statements submitted on appeal could be disregarded because they are not credible and conflict with the medical evidence." But contrary to Plaintiff's contention, the district court's reliance on these grounds was consistent with *Collier* because those "new" issues are merely subsidiary to a pre-litigation rationale that Defendant asserted in its denial of Plaintiff's claim: that Plaintiff's "self-reported symptoms are disproportionate" to his "clinically unremarkable" medical testing results. The district court relied on this same rationale when it noted Plaintiff's "elevated" indications of malingering and the "inconsisten[cies]" between Plaintiff's medical evidence and his witness statements.[1]

**AFFIRMED.**

---

[1] The district court also did not violate *Collier* when it considered differences between Defendant's STD and LTD plans.